**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

                **Plaintiff,**                **08-CR-475**

        **v.**

**JAMIE LAMERE,**

                **Defendant.**

_____

**APPEARANCES:**

**FOR THE PLAINTIFF:**
Hon. Andrew T. Baxter        Thomas Spina, Jr.
United States Attorney        Assistant U.S. Attorney
445 Broadway
218 James T. Foley U.S. Courthouse
Albany, NY 12207-2924

**FOR THE DEFENDANT:**
Alexander Bunin        George E. Baird, Jr.
Federal Public Defender        Assistant Federal Public Defender
39 North Pearl Street, 5th Floor
Albany, NY 12207

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

     Jamie Lamere ("Lamere") has moved to dismiss his indictment for

failing to register or update his registration as a sex offender in violation of

18 U.S.C. § 2250, as required by the Sex Offender Registration and

Notification Act ("SORNA"), 42 U.S.C. § 16901 et seq.  Following review of

Lamere's motion, brief in support thereof, the government's response, and

the record on the matter, the court denies Lemere's motion.

## **BACKGROUND**

None of the issues in Lamere's motion to dismiss involve factual

disputes.  Rather, the issues raised by Lamere are constitutional

challenges to SORNA's applicability.  Thus, the court briefly discusses the

facts in this case.  On October 24, 2000, Lamere pled guilty to rape in the

first degree and to rape in the third degree under New York law.  (Lamere's

brief at p. 1; Dkt. No. 13.)  Lamere was sentenced to 6 to 12 years

imprisonment and 1½ to 3 years imprisonment, respectively.  (Id.)  Lamere,

as required by state law, registered as a sex offender on April 7, 2008.

(Id.)  However, sometime thereafter, Lamere moved or traveled to the state

of Washington and was arrested for failure to comply with SORNA

requirements.  (Id.)  After being returned to New York, Lamere pled guilty

to an indictment charging him with failing to comply with SORNA's

registration requirements.  (Dkt. No. 9.)

After pleading guilty, Lamere filed a motion to dismiss the indictment,

2

challenging SORNA's constitutionality.  (Dkt. No. 13.)  Lamere contends,

among other things, that the application of SORNA violates: (1) the Ex Post

Facto and Due Process Clauses, (2) the Commerce Clause, (3) the Tenth

Amendment, and (4) the non-delegation doctrine.  (Id.)  Lamere, however,

requests that this court leave his current plea agreement in place in the

event the court denies his motion.  (Dkt. No. 12)  The government opposes

Lamere's motion.

## DISCUSSION

SORNA provides in pertinent part:

**(a) In general**

A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student.  For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of his residence.

**(b) Initial registration**

The sex offender shall initially register-

(1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or

(2) no later than 3 business days after being sentenced for that offense if the sex offender is not sentenced to a term of imprisonment.

3

**(c) Keeping the registration current**

A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) . . . and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

**(d) Initial registration of sex offenders unable to comply with subsection (b) of this section**

The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 [the enactment of this Act] or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for the other categories of sex offenders who are unable to comply with subsection (b) of this section.

Section 16913(a)-(d).

On February 28, 2007, the Attorney General issued an interim rule

effective February 28, 2007, which states in relevant part:

[T]he requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to enactment of that Act.

28 C.F.R. § 72.3.

SORNA subjects the sex offender, who fails to register or keep his

registration current, to fines or imprisonment, or both.  In relevant part,

4

SORNA provides:

>   (a) In general.- Whoever-
>
>   (1) is required to register under the Sex Offender Registration and Notification Act;
>
>   (2) (A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
>
>   (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
>
>   (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
>   Shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250.

Based on the above statutory language, the court now examines

Lamere's basis for dismissal.

### 1. Applicability of SORNA in New York and Washington State, and the Ex Post Facto and Due Process Clauses.

Lamere claims SORNA is not applicable to him because the states of

New York and Washington have not yet implemented the registration

provisions of SORNA.  Thus, Lamere argues, he was not required to

comply with SORNA. The court disagrees.  Larmere's argument has been

offered by other sex offenders in various district courts across the country

and the majority of our sister courts have rejected the argument.  In fact,

this court has rejected that argument.  *See United States v. Hester,* 2008

WL 351677 (N.D.N.Y. 2008).  It is clear SORNA became effective July 27,

2006.  The Attorney General has adopted an interim regulation, effective

on February 28, 2007, which provides that SORNA applies to sex offenders

who were convicted, like Lamere, before the enactment of SORNA.  As this

court has previously indicated, the fact that states have not yet met their

SORNA obligations is irrelevant to the obligations of a sex offender to

comply with SORNA.  *Hester,* 2008 WL 351677, at *2.

　　　With respect to Lamere's argument that application of SORNA

violates the Ex Post Facto Clause, the court notes that this argument has

also been rejected.  As Judge Riley of the Eighth Circuit explained in

*United States v. May,* 535 F.3d 912 (8th Cir. 2008):

> If Congress intended SORNA to impose punishment for a pre-
> existing crime, the statute violates the ex post facto clause . . .
> However, Congress stated its purpose in establishing [SORNA]
> was to protect the public from sex offenders and offenders
> against children, and in response to the vicious attacks by
> violent predators . . . SORNA's registration requirement
> demonstrates no congressional intent to punish sex offenders .

. . SORNA does not punish an individual for previously being convicted of a sex crime. . . . Thus, prosecuting [a sex offender] under § 2250 is not retrospective and does not violate the ex post facto clause.

*May,* 535 F.3d at 919-20.  This court agrees with the view of the Eighth Circuit, as well as with the view of the majority of the district courts, that SORNA does not violate the Ex Post Facto Clause.

With respect to his due process argument, the record indicates Lamere was on notice, based on New York law, that he had to register and keep his registration current when moving.  Nothing in the record reflects otherwise.  Had Lamere complied with his registration obligations, he would have complied with SORNA.  Accordingly, there is no due process violation.  *See United States v. Fuller,* 2008 WL 2437869, at \*3 (N.D.N.Y. 2008).

### 2. The Commerce Clause.

#### a. 18 U.S.C. § 2250(a)

Lamere argues § 2250 is invalid under the Commerce Clause because, on its face, the section does not fall into any of the prongs of activity that Congress may regulate under the clause.  This court again disagrees.  Congress's power to regulate commerce includes regulation of:

(1) "the use of channels of interstate commerce";

(2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities"; and

(3) "those activities having a substantial relation to interstate commerce."

*United States v. Lopez,* 514 U.S. 549, 558-59 (1995).  "SORNA [] derives its authority from each prong of *Lopez*-and most specifically, the ability to regulate persons or things in interstate commerce and the use of the channels of interstate commerce."  *May,* 535 F.3d at 921 (quotations omitted).  Accordingly, "SORNA contains a sufficient nexus to interstate commerce."  *Id.* at 922.[1]

> b.  *42 U.S.C. § 16913*

Lamere's basis for attacking the constitutionality of *§ 16913* under the Commerce Clause is the decision in *United States v. Hall,* 2008 WL 4307196 (N.D.N.Y. 2008).  In *Hall,* the court concluded *§ 16913,* when viewed in isolation, is unconstitutional because this section "imposes a federal duty upon sex offenders who never travel in interstate commerce."

---

[1]Furthermore, under *Lopez,* "[a] showing that a regulated activity substantially affects interstate commerce (as required for the third [prong]) is not needed when Congress regulates activity in the first two [prongs].)." *United States v. Gil,* 297 F.3d 93, 100 (2d Cir. 2002) (citation omitted).

The *Hall* court stated "Section 16913 in its entirety makes no reference to travel across lines or any of the channels of interstate commerce.  The section completely lacks any jurisdictional element or restriction to sex offenders traveling between the states."  This court, however, follows the majority view and determines that § 16913 and § 2250(a) are interrelated components of SORNA as a whole, and that both sections must be read together, not in isolation.  As a sister court recently observed:

> The federal duty [to comply with SORNA] does not operate in a vacuum.  SORNA's requirement that all sex offenders register is unenforceable until a sex offender crosses state line, at which point the failure to abide by one's federal duty bears federal consequences.  Together § 16913 and § 2250(a) are components of a symbiotic statutory scheme in which there is no criminal penalty unless there is a failure to register and, conversely, failure to register cannot be enforced without a criminal penalty. . . . Section 2250(a) lacks all meaning without reference to § 16913, and § 16913 lacks all effect without reference to § 2250(a).

*United States v. Crum,* 2008 WL 4542408 (W.D. Wash. 2008).

Accordingly, this court rejects Lamere's argument that § 16913 is unconstitutional under the Commerce Clause.

Furthermore, § 16913 finds support in the Necessary and Proper Clause.  This Clause "empowers Congress to enact laws in effectuation of its enumerated powers that are not within its authority to enact in isolation."

9

*Gonzales v. Raich,* 545 U.S. 1, 39 (2005).  As Judge McAvoy observed,

> [T]he purpose of SORNA is to provide a comprehensive
> national system registration of sex offenders– including a listing
> of the offender's current residences, and the sharing of such
> information in order to protect the public from these individuals.
> The registration and updating requirements of § 16913 are
> necessary to make § 2250(a)– a regulation of interstate
> commerce– effective.

*United States v. Van Buren,* 2008 WL 3414012 at, *14 (N.D.N.Y. 2008).

Accordingly, § 16913 does not exceed Congress's power under the

Commerce Clause, and Lamere's motion on this ground is also denied.

### 3.  The Tenth Amendment

Likewise, Lamere's motion based on a Tenth Amendment violation is

denied.  Lamere argues that SORNA compels the states to aid the federal

registration of sex offenders.  This argument has been consistently rejected

by the courts.  The flaw of the argument is that Lamere is not able to show

that SORNA has compelled the states of New York or Washington to make

any changes in their state sex offenders registries.  *Hall,* 2008 WL 4307196

at *5.  Accordingly, Lamere's argument under the Tenth Amendment is

without merit.

### 4.  The Non-Delegation Doctrine

10

Here, Lamere basically contends that a violation of the non-delegation doctrine of the Constitution occurred when SORNA, under § 16913, delegated to the Attorney General the authority to apply and promulgate rules, i.e., legislate, under SORNA.  This argument, however, has been rejected consistently by the courts.  "The non-delegation doctrine does not keep Congress from obtaining the assistance of its coordinate branches; it merely requires Congress to provide clear guidance and delineate the boundaries of delegated authority."  *United States v. Waybright,* 561 F.Supp.2d 1154, 1170-71 (D.Mont. 2008) (citing *Mistretta v. United States,* 488 U.S. 361 372-73 (1989)).  Section 16913 authorizes the Attorney General to promulgate regulations only in *limited* circumstances, thus, delegation does not offend the non-delegation doctrine.  *United States v. Senogles,* 570 F.Supp.2d 1134, 1150-51 (D.Minn. 2008) (citing *Mistretta,* 488 U.S. at 372).

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Lamere's motion to dismiss is **DENIED**; and it is further

11

**ORDERED** that the Clerk provide copies of this Decision and Order

to the parties.

**IT IS SO ORDERED.**

Albany, New York
Dated: December 15, 2008

Gary L. Sharpe
U.S. District Judge